CHRYSLER CREDIT CORP., APPELLEE, *v.* STEWART ET AL., APPELLANTS.

(No. 284—Decided September 4, 1973.)

APPEAL: Court of Appeals for Clinton County.

*Mr. Ronald C. Carey,* for appellee.
*Mr. Charles H. Wilson, Jr.,* for appellants.

BRENNEMAN, P. J. This appeal is directed to an interpretation of R. C. 1319.07.

Plaintiff repossessed an automobile, previously sold to defendants. Thereafter, each defendant received a notice from plaintiff, which reads:

"Please take notice that on the 29th day of June, 1966, at 9:00 o'clock A. M., the following personal property, which has been repossessed because of a default in the terms and conditions of a certain Retail Installment Contract heretofore assigned to the undersigned, will be offered for sale and sold at public auction to the highest bidder, as provided by law:

"Year and Make: 1962 Oldsmobile Model: F 85 Convertible Identification Number: 621M24899

"This sale will be held at:

"Garage: Chrysler Credit Corporation Street: 24 West Compton Road City: Cincinnati State: Ohio

"The minimum price for which the above personal property will be sold is $500.00.

"If sufficient money is not realized from the sale of this personal property to satisfy the amount due on the Retail Installment Contract executed by you, we will expect you to satisfy the resulting deficiency.

"Chrysler Credit Corporation
By * * Dale Weyer"

"Dated June 14, 1966."

The car was sold and a deficiency resulted, in the amount of $901.80. A complaint was filed, seeking judgment for this sum, plus costs. After trial, the court entered judgment for plaintiff in the amount claimed.

Defendants appeal, asserting that the judgment entered is contrary to law and against the weight of the evidence.

Defendants' claims of error are all directed to R. C. 1319.07, which provides, in its pertinent part:

"This section does not apply if the mortgagee, his executors, administrators, successors, or assigns, gives at least ten days' written notice to the mortgagor, his executors, administrators, successors or assigns, personally, or by mailing it to him by registered mail, at the address of the mortgagor given in the mortgage, of the time, place, and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale."

It is the claim of defendants that the notice which was received is deficient, in that it states: "if sufficient money is not realized from the sale of this personal property to satisfy the amount due on the Retail Installment Contract executed by you, we will expect you to satisfy the resulting deficiency"; and they assert that the exact language of R. C. 1319.07 must be or should have been used, to-wit: "the mortgagor may be held liable for any deficiency resulting from said sale."

It is the finding of this court that the language used in the notice, informing the defendants of their liability for any deficiency resulting from the sale of the automobile, is more than sufficient to comply with the requirements of Section 1319.07, Revised Code, as to the liability of the

defendants for the deficiency which did result from the sale of the automobile.

We find no error prejudicial to appellants, and the judgment is affirmed.

*Judgment affirmed.*

VICTOR and HUNSICKER, JJ., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6 (C), Article IV of the Constitution.